# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE          )
                           )
        v.                 )        I.D. No. 1412002671
                           )
ROBERT MILLER,             )
                           )
        Defendant.         )

Submitted: August 22, 2018
Decided:  August 27, 2018

Upon Defendant's Motion to Withdraw Guilty Plea,
**SUMMARILY DISMISSED.**

## <u>ORDER</u>

Robert Miller, *pro se*, Wilmington, DE.

Renee Hrivnak, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorneys for the State.

WHARTON, J.

This 27th day of August, 2017, upon consideration of Defendant's Motion to Withdraw Guilty Plea and the record in this matter, it appears to the Court that:

1. Defendant Robert Miller ("Miller") was indicted by the Grand Jury on a single count of assault second degree. On June 9, 2015, Miller pled guilty to that charge. In exchange, the State dropped a charge of offensive touching in the Court of Common Pleas and agreed to cap its sentencing recommendation of unsuspended incarceration at three years. On December 5, 2015, the Court sentenced Miller to eight years of incarceration pursuant to 11 *Del. C.* § 4204(k), followed by six months at Level IV pursuant to 11 *Del. C.* § 4204(l).

2. Miller appealed his conviction to the Delaware Supreme Court. That court entered an Order affirming his conviction on May 18, 2016.[1] A Motion for Postconviction Relief ("first PCR motion") pursuant to Superior Court Criminal Rule 61, Miller's first, was timely filed on December 14, 2015. The first PCR motion raised a single issue of ineffective assistance of counsel and did not request appointment of counsel.

3. In his first PCR motion, Miller claimed that: (1) counsel failed to obtain hospital records of the victim that would have shown her injuries were old, despite being asked to obtain them; (2) counsel never responded to voice mail messages; (3) counsel only discussed taking the plea with Miller; and (4) after sentencing, Miller

---

[1] *Miller v. State,* 2016 WL 3410306 (Del. May 18, 2016).

2

asked counsel about an appeal without response.[2] This Court denied the motion on October 18, 2016.[3] Miller's untimely appeal of that decision was dismissed.[4]

4. Miller filed his second Motion for Postconviction Relief ("second PCR motion") on September 25, 2017.[5] In it he incorrectly represented that the basis of his conviction was the finding of a judge in a non-jury trial, when, in fact, Miller entered a guilty plea.[6] He raised a single claim for relief – that there was newly discovered evidence that the victim's wounds were old, occurring in 2009 -2010, and that she was seen for these injuries at the Wilmington Hospital.[7] The Court summarily dismissed the second PCR motion on September 27, 2017.[8] It does not appear that Miller appealed from that decision.

5. Miller filed this motion, which he captions Motion to Withdraw Guilty Plea, on August 22, 2018.[9] Because requests to withdraw a plea of guilty after sentencing must be made by motion under Superior Court Rule 61, the Court treats this motion as Miller's third PCR motion.[10] In it Miller stubbornly returns to his pointless effort to convince the Court of something that plainly just is not true - that the victim's injuries in this case were actually pre-existing injuries for which medical

---

[2] Mot. for Postcoviction Relief, D.I. 16.
[3] *State v. Miller*, 2016 WL 6094170 (Del. Super. Oct. 18, 2016).
[4] *Miller v. State,* 2017 WL 568362 (Del. Feb. 9, 2017).
[5] Mot. for Postconviction Relief, D.I. 32.
[6] *Id.*, at ¶ 6.
[7] *Id.*, at 3.
[8] *State v. Miller,* 2017 WL 4381381 (Del. Super. Sept. 27, 2017).
[9] Mot. to Withdraw Guilty Plea, D.I. 42.
[10] Super. Ct. Crim. R. 32(d).

records were never subpoenaed. But he adds a new wrinkle - that the offense should have been treated as either assault third degree because no weapon was involved and there was no intent to cause physical injury, or offensive touching.[11]

6. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[12] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[13]

7. Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, successive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[14] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case

---

[11] D.I. 42 at 3.
[12] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[13] *Id.*
[14] Super. Ct. Crim. R. 61(i)(1).

and renders the conviction ... invalid."[15] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[16] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[17]

8. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[18]

9. In applying the procedural bars of Rule 61(i), it appears that the third PCR motion is untimely and successive. Further, to the extent the third PCR motion relies on a claim that the victim's injuries were old, it is barred as previously adjudicated.[19] To the extent this motion raises a new claim that the only permissible offenses for which he could have been convicted were assault third degree and offensive touching, that claim is procedurally defaulted as not having been asserted

---

[15] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[16] Super. Ct. Crim. R. 61(i)(3).
[17] Super. Ct. Crim. R. 61(i)(4).
[18] Super. Ct. Crim. R. 61(d)(5).
[19] Not only is this claim barred, but on its face, it is so lacking in any conceivable merit that, had it been advanced by a lawyer, that lawyer would have been subject to sanctions under Superior Court Civil Rule 11(c). *See, State v. Miller,* 2016 WL 6094170 at *3 (Del. Super. Oct. 18, 2016) ("The Court has viewed the photographs [of the victim's injuries] itself and they establish to a certainty that Miller's claim that the victim's injuries were old is false.").

previously.[20] The Supreme Court affirmed his conviction and sentence on May 18, 2016 after reviewing the record and finding that his appeal was "wholly without merit and devoid of any arguably appealable issue."[21] His second postconviction relief motion was untimely because it was filed on September 25, 2017. While he alluded to the victim's injuries being old in his first postconviction relief motion, he did so in the context of his ineffective assistance of counsel claim. In his second PCR motion, he claimed the existence the victim's old injuries was newly discovered evidence. In summarily dismissing Miller's second PCR motion, the Court found that Miller's attempts to claim that the victim's injuries were old as newly discovered evidence failed because he made the same allegation in his first postconviction relief motion in the context of his ineffective assistance of counsel claim.[22] Further, because Miller was not convicted at trial, but, rather, entered a guilty plea, the Court held that Rule 61(d)(2) required that Miller's second PCR motion be summarily dismissed as well.

10. Thus, the Court finds that it plainly appears from Miller's third PCR motion and the record of prior proceedings in this case that Miller is not entitled to

---

[20] This claim also has no merit. No weapon is required for the commission of assault second degree, nor is it required that the defendant act intentionally. *See* 11 *Del. C.* § 611(a)(1). Moreover, the victim's injuries were clearly serious. *See, State v. Miller,* 2016 WL 6094170 at *2 (Del. Super. Oct. 18, 2016) ("The prosecutor described the photographs [of the victim's injuries] this way: '...the fact that her face fell on the one side as a result of the strike...She had to have surgery to fix her eye, and she had multiple fractures as a result of that hit.'").
[21] *Miller v. State,* 2016 WL 3410306 at *1 (Del. May 18, 2016).
[22] *State v. Miller,* 2017 WL4381381, at *1 (Del. Super. Sept. 27, 2017).

relief, since Rules 61(i)(1), (2), (3), and (4) bar relief, none of the bars to relief are inapplicable under Rule 61(i)(5), and the motion otherwise is without any merit.

**THEREFORE**, Defendant's Motion to Withdraw Guilty Plea, treated and his third Motion for Postconviction Relief, is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc:   Prothonotary
cc:   Investigative Services

7